```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

EVANSTON INSURANCE CO.                      CIVIL ACTION

VERSUS                                      NO: 05-5244

MARINE SAFETY SERVICES, LLC,                SECTION: "A" (1)
ET AL.
```

## ORDER

Before the Court are a **Motion to Dismiss and/or Remand to State Court (Rec. Doc. 4)** filed by defendants Marine Safety Service, LLC, Jesse Blanchard, and Glenda Blanchard and a **Motion to Dismiss (Rec. Doc. 5)** filed by defendants Aqua Safety Services, LLC, Kurt Autin, and Suzanne Autin.  Plaintiff, Evanston Insurance Co., opposes the motion.  The motions, reset for hearing on May 17, 2006, are before the Court on the briefs without oral argument.  For the reasons that follow, the motions are GRANTED.

### I.     BACKGROUND

Plaintiff, Evanston Insurance Co., filed this declaratory judgment action to obtain a coverage determination regarding claims currently pending in the 17th JDC, Parish of Lafourche.  In that

state court litigation Aqua Safety LLC, Kurt Autin, and Suzanne Autin (collectively "the Autins") sued Marine Safety Services, LLC, Glenda Blanchard, and Jesse Blanchard (collectively "the Blanchards").  The Autins and the Blanchards are co-defendants in the instant litigation brought by Evanston.  According to Evanston, the Autins purchased Aqua Safety from the Blanchards who later started a new business called Marine Safety Services.  The Blanchards then allegedly engaged in a series of acts including breach of contract, fraud, and defamation to name a few.  None of those claims are before this Court.[1]

Evanston issued three policies of general liability insurance to Marine Safety Services during the time frame covering June 10, 2003, to June 10, 2006.  Evanston claims that its policies exclude coverage for the claims being asserted in the 17th JDC.  Although Evanston has not been named as a party in that litigation, Evanston filed this suit to have this Court determine rights and obligations under its policy prior to any party attempting to add Evanston as a party in the state court litigation and prior to any judgment

---

[1] The foregoing description of the dispute between the Autins and the Blanchards was taken solely from Evanston's complaint in this Court.  No party has provided the Court with a copy of the state court petition.  In its complaint Evanston refers to the petition as Exhibit 4 but the exhibit was not filed with the complaint.  Further, on May 4, 2006, the Court specifically ordered the Movers to supplement the record with a copy of the state court petition but the Movers have not complied.

being rendered against its insured.

## II.  DISCUSSION

The Blanchards move to dismiss this declaratory judgment action based upon the reasoning employed by Judge Barbier in Century Surety Co. v. Charles, No. 05-595, 2005 WL 1309262 (E.D. La. May 18, 2005).[2]  The Blanchards argue that all of the factors employed when determining whether a district court should decline to exercise jurisdiction in a declaratory judgment action weigh in favor of dismissal.  The Blanchards point out that all of the coverage matters in controversy can be fully litigated in the state court and that this Court is a less convenient forum because the state court is located in the same parish where all defendants reside.  The Blanchards also argue that the parties are not of diverse citizenship because an insurer is generally deemed to be a citizen of the same state as its insured.

The Autins also move for dismissal or alternatively for a stay of this matter. The Autins argue that Evanston is clearly forum shopping for an insurance-friendly court and that judicial economy would best be served by having the state court determine Evanston's coverage defenses.

---

[2] The Blanchards alternatively seek to have the Court remand this suit to state court.  The Court has no authority to remand this case because it did not originate in state court.

In opposition, Evanston asserts, without elaboration, that retaining this lawsuit in federal court will serve the purposes of judicial economy.[3]

The Declaratory Judgment Act, 28 U.S.C. § 2201, et seq., provides that a court "may declare the rights and other legal relations of any interested party seeking such declaration." Odeco Oil & Gas Co. v. Bonnette, 4 F.3d 401, 403 -04 (5th Cir. 1993)(quoting 28 U.S.C.A. § 2201(a) (West 1994). It is well established in this circuit that a court need not provide declaratory judgment relief on request, as this is a matter left to the district court's sound discretion. Id. (citing Rowan Companies, Inc. v. Griffin, 876 F.2d 26, 28 (5th Cir. 1989); Mission Ins. Co. v. Puritan Fashions Corp., 706 F.2d 599, 601 (5th Cir. 1983)). Federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them," Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976), but "[i]n the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial

---

[3] Evanston also points out in two parts of its memorandum that it is not a party to the state court litigation. (Pla. oppo. at 1, 4). But in another part of its memorandum Evanston appears to be clarifying that it was only recently added to the state court proceeding on March 24, 2006. (Id. at 3). The Court is therefore uncertain as to whether Evanston is in fact a party to the state court action.

administration." Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995). The sole issue before the Court is whether it should decline to entertain this declaratory judgment action by either staying this suit or dismissing it altogether.

The court may consider a variety of factors in determining whether to decide a declaratory judgment suit. Odeco Oil & Gas Co., 4 F.3d at 403-04. Relevant factors the district court must consider in determining whether to dismiss a declaratory judgment include: 1) whether there is a pending state action in which all of the matters in controversy may be fully litigated, 2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant, 3) whether the plaintiff engaged in forum shopping in bringing the suit, 4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist, 5) whether the federal court is a convenient forum for the parties and witnesses, and 6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy. St. Paul Ins. Co. v. Trejo, 39 F.3d 585, 590-91 (5th Cir. 1994).

In the exercise of its sound discretion the Court declines to entertain this declaratory judgment action and concludes that it should therefore be dismissed. Retaining this lawsuit in federal court would be an incredible waste of judicial resources given that the underlying claim is being actively litigated in state court.

In order to make a coverage determination this Court would likely be called upon to make some of the same factual findings that the fact finder will determine in the state court litigation on the underlying claim.  Further, the Court credits Defendants' assertion that the federal court sitting in New Orleans is a geographically inconvenient forum given that all of the pertinent facts and witnesses are centered around Lafourche Parish.  Finally, the Court is persuaded that all of the coverage issues raised in this lawsuit can be fully and fairly litigated in the 17th JDC where the underlying claims are pending.

Accordingly;

**IT IS ORDERED** that the **Motion to Dismiss and/or Remand to State Court (Rec. Doc. 4)** filed by defendants Marine Safety Service, LLC, Jesse Blanchard, and Glenda Blanchard, and the **Motion to Dismiss (Rec. Doc. 5)** filed by defendants Aqua Safety Services, LLC, Kurt Autin, and Suzanne Autin should be and are hereby **GRANTED.** Plaintiff's complaint is **DISMISSED**.

May 17, 2006.

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE